■ ERNESTO BIANCHI et al., Plaintiffs, v GREEK ARCHDIOCESE OF NORTH & SOUTH AMERICA, INC., et al., Defendants, Third-Party Plaintiffs and Third Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant, and Second Third-Party Plaintiff, et al., Second Third-Party Defendants. WILCOX CONSTRUCTION COMPANY et al., Third Third-Party Defendants-Appellants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about January 29, 1990, which denied third third-party defendants' motion for summary judgment dismissing the third-party complaint and cross claims against them, unanimously affirmed, without costs and without disbursements.

In this personal injury action, plaintiff, a pedestrian, was allegedly injured by material falling from a construction site at 343 East 74th Street. The third third-party defendants, who were responsible for erecting a shed to protect pedestrians near the worksite, moved for summary judgment on the ground that the shed had been properly constructed.

In opposing third third-party defendants' motion for summary judgment, third third-party plaintiffs offered evidence showing that third third-party defendants were required to build the sidewalk shed in compliance with Building Department regulations. They also offered evidence showing that the plans submitted to the Department required the shed to extend 20 feet beyond the worksite, and that the shed as actually constructed did not conform to these plans. As this evidentiary showing was sufficient to present a material question of fact as to third third-party defendants' liability, summary judgment was properly denied. (See, Zuckerman v City of New York, 49 NY2d 557.) Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.